IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,210-01




EX PARTE D.J. LANINGHAM, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CM-05-400-1 IN THE 278TH JUDICIAL DISTRICT COURT
FROM LEON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply
with sex offender registration requirements and sentenced to ninety-nine years’ imprisonment. The
Tenth Court of Appeals affirmed his conviction. Laningham v. State, No. 10-06-00099-CR (Tex.
App. – Waco, July 11, 2007, pet. ref’d).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel incorrectly advised Applicant that the State would be bound to prove that Applicant was not
in compliance with the sex offender reporting requirements on the specific date alleged in the
indictment. Applicant alleges that this incorrect advice caused him to reject a plea offer from the
State and pursue a jury trial on the charge. This Court remanded to the trial court to obtain an
affidavit from counsel, and the trial court obtained affidavits and made findings of fact and
conclusions of law. However, neither the affidavits nor the record provide any insight as to whether
the State made any plea offers prior to trial, and as to whether Applicant was advised of such offers
or rejected such offers, and if so, why. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether any plea offers were made by the
State prior to trial, and if so, whether Applicant was advised of such plea offers. If Applicant
rejected any pre-trial offers made by the State, the trial court shall make findings as to what advice
counsel gave to Applicant regarding such plea offers, and whether such advice was based on
counsel’s belief that the date alleged in the original indictment provided a defense to the charges. 
The trial court shall make findings as to whether the performance of Applicant’s trial attorney was
deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 27, 2010
Do not publish